UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUZANNE LOUISE WALTON                     CIVIL ACTION

VERSUS                                    NO: 14-2163

OUTBACK STEAKHOUSE OF                     SECTION: R(4)
FLORIDA, LLC, ET AL.

**<u>ORDER AND REASONS</u>**

Plaintiff Suzanne Louise Walton moves for partial summary judgment on the issue of liability in her slip-and-fall claim under Federal Rule of Civil Procedure 56.[1]  For the following reasons, the Court denies the motion.

## I.     BACKGROUND

On August 29, 2013, plaintiff Suzanne Louise Walton slipped and fell in a restroom stall at Outback Steakhouse Restaurant in Metairie, Louisiana.[2] Defendant Outback Steakhouse of Florida, LLC owned and operated the Metairie location.[3]  Walton alleges that the stall contained a broken, cracked, and loose floor tile.  According to Walton, as she walked into the stall, a loose portion of the cracked tile shifted under her foot, causing her to fall.[4]  As a

---

[1]     R. Doc. 36.

[2]     R. Doc. 36-1.

[3]     *Id.* at 1 ¶ 1.

[4]     R. Doc. 36-2 at 9.

result, Walton allegedly injured her right knee, right hip, and lower back.  At the time of the fall, Walton was sober and wearing flat, closed-toe shoes.[5]

According to Outback, it knew that a floor tile in the women's restroom contained a visible crack.[6]  Outback contends, however, that the crack was only a "visual problem."[7]  According to Outback, before Walton's accident, the restaurant owner had inspected the tile by touching it.  The owner found that the tile was simply cracked–the tile was not loose, and it did not appear to be "coming out of place."[8]

## II.    DISCUSSION

To prevail on a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The Court must draw all reasonable inferences are drawn in favor of the nonmoving party.  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

---

[5]    R. Doc. 36-1 at 14.

[6]    R. Doc. 39 at 9 ("Outback has not disputed that it knew the tile had a crack before this alleged fall.").

[7]    R. Doc. 36-2 at 25.

[8]    *See* R. Doc. 39-4 at 5, 7.

The Court's review of the record in this case indicates that there remain contested issues of material fact regarding Outback's negligence.  Outback points to a number of outstanding factual issues, including whether the cracked tile presented an unreasonable risk of harm and whether Outback had notice that the tile presented an unreasonable risk of harm, as required by Louisiana tort law.[9]   According, the Court denies Walton's motion for summary judgment.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff Suzanne Louise Walton's Motion for Partial Summary Judgment as to Liability.

New Orleans, Louisiana, this ____2nd____ day of November, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]      R. Doc. 39 at 6-11.

3